No. 21-1074

---

# UNITED STATES COURT OF APPEALS
FOR THE
# EIGHTH CIRCUIT

UNITED STATES OF AMERICA,
*Appellee,*

*v.*

LISA M. MONTGOMERY,
*Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI, ST. JOSEPH DIVISION
05-06002-01-CR-SJ-GAF

## APPELLANT'S MOTION FOR STAY OF EXECUTION PENDING APPEAL


KELLEY J. HENRY
AMY D. HARWELL
OFFICE OF FEDERAL PUBLIC DEFENDER,
MIDDLE DISTRICT OF TENNESSEE
810 BROADWAY, SUITE 200
NASHVILLE, TN 37203
(616) 736-5047

LISA G. NOURI
2526 HOLMES STREET
KANSAS CITY, MO 64108
(816) 875-0448

MEAGHAN VERGOW
O'MELVENY & MYERS LLP
DC BAR NO. 977165
1625 EYE STREET, N.W.
WASHINGTON, DC 20006
(202) 383-5504

ALEC SCHIERENBECK
O'MELVENY & MYERS LLP
NY BAR NO. 5391008
7 TIMES SQUARE
NEW YORK, NY 10036

*Attorneys for Appellant*
*Lisa M. Montgomery*

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ........................................................................ 1

BACKGROUND AND PROCEDURAL HISTORY ........................................ 4

ARGUMENT ............................................................................ 8

I. MRS. MONTGOMERY IS LIKELY TO SUCCEED ON THE MERITS ........................................................................ 8

A. Even Under The District Court's Flawed Interpretation Of The Judgment, The January 12 Execution Date Is Unlawful ........................................................................ 8

B. The January 12 Execution Date Contravenes The Plain Terms Of The District Court's Judgment, Which Cannot Be Amended ........................................................................ 12

II. MRS. MONTGOMERY WILL BE IRREPARABLY HARMED ABSENT A STAY ........................................................ 16

III. THE REMAINING EQUITABLE FACTORS WEIGH IN FAVOR OF A STAY ........................................................ 17

IV. IF NECESSARY, THIS COURT SHOULD ISSUE AN ADMINISTRATIVE STAY ........................................................ 18

CONCLUSION ........................................................................ 18

CERTIFICATE OF COMPLIANCE ................................................ 20

CIRCUIT RULE 28A(h) CERTIFICATION ....................................... 21

CERTIFICATE OF SERVICE ......................................................... 22



Appellate Case: 21-1074 Page: 2 Date Filed: 01/11/2021 Entry ID: 4993244

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*,
140 S. Ct. 1891 (2020) .......................................................................17

*Dillon v. United States*,
560 U.S. 817 (2010) ..........................................................................14

*Dolan v. United States*,
560 U.S. 605 (2010) ..........................................................................12

*Ford v. Wainwright*,
477 U.S. 399 (1986) ..........................................................................17

*League of Women Voters v. Newby*,
838 F.3d 1 (D.C. Cir. 2016) ...............................................................17

*Montgomery v. United States*,
141 S. Ct. 199 (2020) .........................................................................10

*Nken v. Holder*,
556 U.S. 418 (2009) ............................................................................8

*Ohio Adult Parole Auth. v. Woodard*,
523 U.S. 272 (1998) ..........................................................................16

*United States v. Addonizio*,
442 U.S. 178 (1979) ..........................................................................15

*United States v. Henry*,
709 F.2d 298 (5th Cir. 1983)..............................................................15

*United States v. Higgs*,
No. CR PJM 98-520, 2020 WL 7707165 (D. Md. Dec. 29, 2020)...........7, 14, 15

*United States v. Koons*,
850 F.3d 973 (8th Cir. 2017), *aff'd*, 138 S. Ct. 1783 (2018) .............................14

*United States v. Montgomery*,
635 F.3d 1074 (8th Cir. 2011)...............................................................4

## TABLE OF AUTHORITIES
## (continued)

**Page(s)**

**Statutes**

18 U.S.C. § 3582(b) .......................................................................................14

18 U.S.C. § 3582(c) .......................................................................................14

18 U.S.C. § 3596(a) .......................................................................................10

**Rules**

Fed. R. Crim. P. 35(a) ....................................................................................14

## INTRODUCTION

This case asks the Court to decide whether the Government can execute a woman on death row in violation of the express terms of the criminal judgment entered against her. Basic principles of law and justice require the answer to be no.

The Government has scheduled Lisa Montgomery's execution for tomorrow, **January 12, 2021, at 6:00 pm EST**. But the sentencing court's judgment stated that "[i]f an appeal is taken from the conviction or sentence, execution of the judgment *shall be stayed pending further order* of th[e] [sentencing court] upon receipt of the Mandate of the Court of Appeal," and that the execution "shall not be sooner than 60 days nor later than 90 days after the date of th[e] judgment." Dkt. 402, at 2 (ADD-2) (the "Judgment") (emphasis added). All agree that the Government has never sought an order lifting the sentencing court's stay, nor has the sentencing court ever purported to issue such an order lifting the stay. As a result, the only available conclusion is that the court's stay remains in effect. Indeed, for this very reason, in a case concerning a separate challenge to the Government's order designating the January 12 execution date, Judge Randolph Moss on the United States District Court for the District of Columbia recently expressed serious doubt about the lawfulness of allowing Mrs. Montgomery's execution to go forward on January 12 under the plain terms of the sentencing court's final judgment.

In light of the concerns raised by Judge Moss, on January 9, 2021, the Government returned to the sentencing court, asking the sentencing court to issue an order "confirming" that a March 21, 2017 order that did not purport to lift the stay had nevertheless "terminated the stay of execution imposed in the judgment." Dkt. 446, at 3. And remarkably, yesterday, the sentencing court issued an order agreeing with the Government's implausible interpretation, stating that its stay was lifted, *sub silentio*, more than three years ago. Dkt. 451, at 1 (ADD-4). If that were true, however, then the 60-to-90 day window for the Government to execute Mrs. Montgomery has long since passed, meaning her execution tomorrow would still violate the plain terms of the judgment entered against her.

In reality, the interpretation offered below departs from the clear meaning of the sentencing court's prior orders. The court's order denying Mrs. Montgomery's § 2255 motion did not even purport to lift the court's stay, and it could not have, as it issued *prior* to receipt of this Court's mandate on appeal. On the sentencing court's reading, moreover, the Government could have executed Mrs. Montgomery *while she was actively litigating her § 2255 motion on appeal*. That cannot be right. The correct reading of the sentencing court's Judgment, by contrast, avoids any such difficulty. The court's Judgment directed the Government to execute the sentence within 60 to 90 days of *when the stay was lifted*. To proceed with Mrs. Montgomery's execution, the Government need only seek an order from the

sentencing court lifting the stay, at which point it will have 60 to 90 days to execute Mrs. Montgomery. But the Government has never sought nor obtained such an order, and the sentencing court cannot retroactively rewrite its § 2255 order to say what it plainly does not. Mrs. Montgomery therefore cannot be executed on January 12.

The other stay factors likewise weigh in Mrs. Montgomery's favor. Where, as here, a prisoner is executed in violation of the plain terms of a federal court order, the prisoner suffers irreparable harm. And the balance of the equities and public interest weigh in favor of granting a stay in such circumstances because even if the Government suffers some temporary harm by a delay of the execution, the harm to the prisoner is irreparable, and the public interest is served when the Government abides by the law.

Here, Mrs. Montgomery's execution cannot go forward tomorrow as a matter of law. Because the sentencing court will likely be reversed on appeal, Mrs. Montgomery will suffer irreparable harm absent a stay, and the balance of the equities and public interest weigh heavily against allowing the Government to prematurely execute Mrs. Montgomery in violation of the law, a stay pending appeal is warranted. If necessary, a temporary administrative stay is also appropriate to permit consideration of Mrs. Montgomery's motion. Mrs. Montgomery's motion accordingly should be granted.

## BACKGROUND AND PROCEDURAL HISTORY

Mrs. Montgomery was sentenced to death in April 2008. *United States v. Montgomery*, 635 F.3d 1074, 1079 (8th Cir. 2011). The district court entered judgment on April 4, 2008, ordering that the "time, place and manner of execution are to be determined by the Attorney General, provided that the time shall *not be sooner than 60 days nor later than 90 days after the date of this judgment*." Dkt. 402, at 2 (ADD-2) (emphasis added).[1] The court ordered, however, that "[i]f an appeal is taken from the conviction or sentence, execution of the judgment shall be stayed pending further order of this Court upon receipt of the Mandate of the Court of Appeal." *Id.* Mrs. Montgomery appealed the next day, Dkt. 403, automatically staying execution of the Judgment. On April 5, 2011, this Court affirmed, Dkt. 426, and the court of appeals' mandate issued on June 22, 2011, Dkt. 427. It is undisputed that, since the district court's Judgment was entered, the Government has never sought an order lifting the district court's stay, and the district court has never entered an order stating that the stay was lifted. *See* Dkt. 446, at 1-2.

In a different proceeding concerning the separate question whether the Government's decision to designate the January 12, 2021 execution date was proper under the Administrative Procedure Act, the United States District Court for the District of Columbia recently observed that the district court's Judgment

[1] "Dkt." refers to the district court's docket.

evidently precluded the Government from carrying out the execution as scheduled. *See* Mem. Op. & Order at 14 n.3, *Montgomery v. Rosen*, No. 20-03261 (D.D.C. Dec. 24, 2020), ECF No. 47; Mem. Op. at 32 n.6, *Montgomery v. Rosen*, No. 20-03261 (D.D.C. Jan. 8, 2021), ECF No. 61. That court explained that it was "unclear how the current execution date complies with the sentencing court's order." Mem. Op. at 32 n.6, *Montgomery v. Rosen*, No. 20-03261 (D.D.C. Jan. 8, 2021), ECF No. 61. To start, the court noted that the sentencing court had "stayed execution of its judgment 'pending further order of [the] Court upon receipt of the Mandate of the Court of Appeal[s],' and the parties have not produced any evidence that the stay was ever formally lifted." *Id.* (quoting Dkt. 402, at 2 (ADD-2)). But even if the stay "did expire automatically upon conclusion of Montgomery's appeal," the court continued, the January 12 execution date would "not seem to … compl[y] with the time limitation specified in the original judgment." *Id.* That is because, the court emphasized, more than 90 days will have passed both between (1) the court's judgment on April 4, 2008, and the current execution date; and (2) "the time Plaintiff's collateral challenges were finally resolved" and the current date. *Id.* The court did not reach the question of the Government's compliance with that order, however, because the sentencing court would be "the proper forum" to address this issue. *Id.*

On January 9, 2021, more than nine years after the court of appeals' mandate issued and three days before Mrs. Montgomery's execution is scheduled, the Government returned to the sentencing court in this matter. The Government filed a purported "Notice Regarding Supplemental Authority," informing the sentencing court of the D.C. district court's concern. *See* Dkt. 446. The Government argued, however, that the apprehension was misplaced, on the ground that the district court's stay supposedly expired automatically, *sub silentio*, when the court denied Mrs. Montgomery's § 2255 motion on March 3, 2017. *See id.* at 2. The Government thus invited the district court to "enter an order confirming that its order denying Section 2255 relief terminated the stay of execution imposed in the judgment." *Id.* at 3.

The next day, Mrs. Montgomery filed a motion to enforce the judgment, requesting that the district court enter an order confirming that its final Judgment precludes the Government from carrying out the execution as scheduled. Dkt. 448. As Mrs. Montgomery explained, the Government's January 12, 2021 execution date is irreconcilable with the plain text of the court's 2008 Judgment: The district court directed the Government to execute the sentence within 60 to 90 days of when the court's stay was lifted, and the stay has never been lifted. *Id.* at 1-2.

Next, Mrs. Montgomery responded to the Government's argument that the court's stay somehow expired *sub silentio* when the court denied her § 2255

motion in March of 2017. The court's judgment provided that a stay would be lifted only when the court (i) issues a "further order" (ii) "after receipt of the Mandate of the Court of Appeal," and the court's order denying Mrs. Montgomery's § 2255 motion neither purported to lift the stay nor followed receipt of the court of appeals' mandate—indeed, the court's order *preceded* receipt of the mandate, leading to the "nonsensical" conclusion "that the Government could have executed Mrs. Montgomery *while she was actively litigating her § 2255 motion on appeal*." *Id.* at 2. Moreover, Mrs. Montgomery noted that even if the Government were correct about the stay having automatically expired on March 3, 2017 (and it is not), the January 12, 2021 execution date is still years beyond the 90-day outer limit set by the Judgment, assuming that Judgment was stayed until March 3, 2017. *Id.* at 4.

Finally, Mrs. Montgomery explained that the Government's request for the district court to enter a *post hoc* order recasting its denial of § 2255 relief as including a termination of the stay "can only be understood as a request for [the court] to amend its Judgment." *Id.* at 5. And, as the Government has itself recently recognized, the court lacks any such authority. *See id.* at 5-6 (citing *United States v. Higgs*, No. CR PJM 98-520, 2020 WL 7707165 (D. Md. Dec. 29, 2020)).

The district court denied Mrs. Montgomery's motion, holding that "in the Court's view, the stay lifted when [the court] denied [Mrs. Montgomery's §] 2255 motion" on March 3, 2017, and that "[t]he Court had no intention to limit execution of the judgment beyond exhaustion of appeals." Dkt. 451, at 1 (ADD-4). The district court also held that, insofar as Mrs. Montgomery's motion sought a stay of execution in the alternative, that request was denied. *See id.* at 1 n.1.

## ARGUMENT

In considering whether to grant a stay of execution, courts assess four factors: "(1) whether the stay applicant has made a strong showing that [s]he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 426 (2009) (quotations omitted). All four of the stay factors support a stay pending appeal here.

### I. MRS. MONTGOMERY IS LIKELY TO SUCCEED ON THE MERITS

#### A. Even Under The District Court's Flawed Interpretation Of The Judgment, The January 12 Execution Date Is Unlawful

On its face, the district court's Judgment was "stayed pending further order of [the district court] upon receipt of the Mandate of the Court of Appeal." Dkt. 402, at 2 (ADD-2). Although Mrs. Montgomery appealed, the district court never issued any order purporting to lift the stay. Accordingly, the Government's plan to

execute Mrs. Montgomery on January 12, 2021 is plainly inconsistent with the district court's Judgment, is unlawful, and should be disallowed.

At the Government's urging, the district court concluded that the Government may execute Mrs. Montgomery on January 12 for the sole reason that the stay was lifted, *sub silentio*, when the district court denied Mrs. Montgomery's § 2255 motion in March 2017. Dkt. 451, at 1 (ADD-4). As explained below, *see infra* at 12-15, that interpretation of the district court's orders is incorrect as a matter of law. But even if it were right, Mrs. Montgomery's January 12 execution date would still be unlawful. Under the district court's Judgment, the Government was required to execute Mrs. Montgomery "not … sooner than 60 days nor later than 90 days" after the stay was lifted. Dkt. 402, at 2 (ADD-2). It has been three years since the district court denied Mrs. Montgomery's § 2255 motion. *See* Order, *Montgomery v. United States*, 12-cv-08001-GAF, Dkt. 212. The January 12 execution date is thus years beyond the 90-day outer limit set by the Judgment, even assuming that Judgment was stayed until March 3, 2017. In fact, under the district court's view that the stay lifted in March 2017, the Government would now be forever barred from executing Mrs. Montgomery pursuant to the plain terms of its Judgment.

The district court's conclusion that its denial of Mrs. Montgomery's § 2255 motion operated to lift the stay would also mean that the Government could have

executed Mrs. Montgomery *while she was actively litigating her § 2255 motion on appeal*. Although the district court denied Mrs. Montgomery's § 2255 motion on March 3, 2017, *see* Order, *Montgomery v. United States*, 12-cv-08001-GAF, Dkt. 212, Mrs. Montgomery's § 2255 appeal did not become final until the Supreme Court denied rehearing on August 3, 2020, *see Montgomery v. United States*, 141 S. Ct. 199 (2020). Federal law plainly prohibits implementation of a death sentence before "exhaustion of the procedures for appeal of the judgment of conviction and for review of the sentence," 18 U.S.C. § 3596(a),[2] and the district

---

[2] In the district court, the Government cited *United States v. Vialva*, 6:99-cr-00070-ADA (W.D. Tex. Sept. 11, 2020), as supposed support for the proposition that the district court's order denying Mrs. Montgomery's § 2255 motion lifted the stay. Dkt. 446, at 2. But the court in *Vialva* never construed its denial of a § 2255 order as a further order lifting the stay of execution. Nor could it have, for the reasons explained: a denial of a § 2255 motion cannot possibly authorize an execution to go forward because at that point, the defendant still has the opportunity to appeal that denial. Moreover, the final judgment the court construed in *Vialva* was materially different from the one the district court entered in Mrs. Montgomery's case. There, the court found no indication in its final judgment that the court had intended the stay of execution to apply after *Vialva* had exhausted his appeals. *See* Order on Motion for Injunctive Relief at 6, *United States v. Vialva*, 6:99-cr-070-ADA (W.D. Tex. Sept. 11, 2020), Dkt. 690. That conclusion was based on language not present here—in *Vialva*, "the first paragraph of the judgment indicat[ed] that the Government *will* implement Vialva's sentence upon the exhaustion of his appeals." *Id.* (emphasis in original). That language, the court reasoned, made clear that there were no "limitations placed on the Attorney General's authority to set an execution date … after Vialva had exhausted his appeals." *Id.* The Judgment here contains no such language mandating that the Government "will implement" Mrs. Montgomery's sentence upon the exhaustion of her appeals. To the contrary, the Judgment states unambiguously that "execution of the judgment shall be stayed pending further order of [the district

court's order denying § 2255 relief unquestionably did not purport to contravene that law.

In the district court, the Government argued that the Court should disregard the 90-day deadline in the Judgment because it was never possible to comply with it: "once the automatic stay took effect," the Government contended, the 90-day deadline was an impossibility. Dkt. 446, at 3 n.1. But even assuming (wrongly, *see infra* at 12-15), that the Government could violate the clear terms of a final judgment because compliance is infeasible, the Government's argument is based on a misconstruction of the district court's Judgment. The only sensible way to read the Judgment is that the Government has 90 days to set the date once the Judgment becomes effective, *i.e.*, when the stay is lifted—not when the 2008 Judgment was entered. By contrast, the Government's reading of the Judgment would make it absurd on its face: it would mean the district court intended to order the Government to act within 90 days of the Judgment, while simultaneously entering a stay prohibiting the Government from acting within 90 days, even though all understood that further post-trial proceedings would obviously not be completed within the 90-day period.

---

court] upon receipt of the Mandate of the Court of Appeal." Dkt. 402, at 2 (ADD-2).

All of the Government's objections to following the 90-day window in the Judgment are resolved by giving the Judgment its natural meaning: that the district court directed the Government to execute the sentence within 60 to 90 days of *when the stay was lifted*. Below, the Government stated that "[n]othing in the judgment purported to prohibit the Government from ever executing the judgment if it did not comply with the initial 90-day deadline." Dkt. 446, at 3 n.1.[3] But the plain terms of the Judgment prohibit the Government from implementing the sentence outside the specified window of time. All the Government had to do was seek an order from the district court lifting the stay, at which point it would have 60 to 90 days to execute Mrs. Montgomery. But the Government has never sought or obtained such an order.

### B. The January 12 Execution Date Contravenes The Plain Terms Of The District Court's Judgment, Which Cannot Be Amended

In any event, the district court's view of its Judgment is contrary to the Judgment's plain text and accordingly must be rejected on that basis alone. Again, the district court's own Judgment stated that "[i]f an appeal is taken from the

---

[3] In the district court, the Government cited *Dolan v. United States*, 560 U.S. 605 (2010), in support of this argument, Dkt. 446, at 3 n.1, but *Dolan* involved a *statute* failing to specify the consequences of noncompliance with a timing provision, 560 U.S. at 611. This case, in contrast, involves a *criminal judgment* that plainly governs and constrains the Government's implementation of a criminal sentence and provides a simple avenue for the Government to move forward: obtain from the district court an order lifting the stay.

conviction or sentence, execution of the judgment shall be stayed pending further order of this Court upon receipt of the Mandate of the Court of Appeal." Dkt. 402, at 2 (ADD-2). As a result, for the stay to lift, the Judgment required the district court to (i) issue a "further order" (ii) "after receipt of the Mandate of the Court of Appeal." *Id.* Yet the court's order denying Mrs. Montgomery's § 2255 motion did not purport to lift the district court's stay. *See* Order, *Montgomery v. United States*, 12-cv-08001-GAF, Dkt. 212; *see also* Mem. Op. at 32 n.6, *Montgomery v. Rosen*, No. 20-03261 (D.D.C. Jan. 8, 2021), ECF No. 61 (observing that "[t]he sentencing court … stayed execution of its judgment 'pending further order of [the] Court upon receipt of the Mandate of the Court of Appeal[s],' and the parties have not produced any evidence that the stay was ever formally lifted"). And the district court's order *preceded* receipt of the mandate of this Court on review of Mrs. Montgomery's § 2255 motion.[4]

[4] In the district court, the Government asserted that Mrs. Montgomery's judgment contains the same language as the judgment against Keith Dwayne Nelson, who was executed on August 28, 2020. Dkt. 446, at 2-3 (citing Judgment, *United States v. Nelson*, 99-00303-01-CR-W-FJG (W.D. Mo. Mar. 11, 2002), Dkt. 442). Assuming that is true (the judgment is not publicly available and the Government has not provided it), it is of no moment. In that case, neither party ever raised the question whether the final judgment precluded the Government from carrying out the execution as scheduled. And the unlawful execution of one individual cannot justify the unlawful execution of another.



Appellate Case: 21-1074 Page: 17 Date Filed: 01/11/2021 Entry ID: 4993244

The district court's understanding of the interplay of its orders amounts to a *post hoc* amendment of the clear text of the Judgment. But the district court lacked the power to amend its final Judgment, particularly at this late date. As the Supreme Court has explained, a "'judgment of conviction … constitutes a final judgment' and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (quoting 18 U.S.C. § 3582(b)). Federal law provides specific, "rare exception[s] to the finality of criminal judgments." *United States v. Koons*, 850 F.3d 973, 976 (8th Cir. 2017), *aff'd*, 138 S. Ct. 1783 (2018). Neither the Government nor the district court cited any such exception, however, and for good reason: none applies here. *See* 18 U.S.C. § 3582(c) (permitting sentence reductions for "extraordinary and compelling reasons," for certain elderly prisoners, as "otherwise expressly permitted by statute," or pursuant to sentencing-range reductions); Fed. R. Crim. P. 35(a) (permitting sentence corrections for "arithmetic, technical, or other clear error" or sentence reductions for substantial assistance to the Government).

Indeed, the Government has recognized that courts lack the authority to amend their judgments in analogous circumstances. In *United States v. Higgs*, No. CR PJM 98-520, 2020 WL 7707165 (D. Md. Dec. 29, 2020), the sentencing court's original judgment and order, entered in 2001, specified that the defendant's federal execution was to be carried out in accordance with Maryland law. *Id.* at

*1. After Maryland abolished the death penalty in 2013, the Government initially asked the court to amend its 2001 judgment to direct that the defendant's execution be carried out in Indiana, pursuant to Indiana law. *See id.* When the defendant noted that the court was without jurisdiction to do so—there, as here, none of the limited exceptions to the finality of the judgment applied—the Government "conced[ed] … that the Court indeed lacked the authority to amend the judgment." *Id.* at *3.[5]

The district court's subjective, unwritten, and atextual intention is irrelevant. *See United States v. Addonizio*, 442 U.S. 178, 187 (1979) ("As a practical matter, the subjective intent of the sentencing judge would provide a questionable basis for testing the validity of his judgment."); *United States v. Henry*, 709 F.2d 298, 314 (5th Cir. 1983) (subjective intent of sentencing judge cannot alter final judgment on Rule 35 motion). Were it otherwise, not only capital but also prison, restitution, and other sentences wildly different from that ordered by the district court could regularly be carried out. If the rule of law is to mean anything, it must mean that the Government may only mete out punishment in compliance with the plain terms

---

[5] The Government then "abruptly changed its stance" and asked that the sentencing court instead "'supplement' its judgment to the same effect." *Higgs*, 2020 WL 7707165, at *4. But even restating that argument evinces why it failed: a "supplemental order … would constitute an amendment of the original judgment in all but name," which, again, the Government has conceded the court had no authority to do. *Id.* at *5.

of the judgment duly entered by a federal court. Executing Mrs. Montgomery tomorrow would violate that foundational principle. Mrs. Montgomery's appeal is therefore legally meritorious, supporting a stay of execution pending her appeal.

## II. MRS. MONTGOMERY WILL BE IRREPARABLY HARMED ABSENT A STAY

Mrs. Montgomery will suffer irreparable harm absent a stay. As the Supreme Court has recognized, "[a] prisoner under a death sentence remains a living person and consequently has an interest in h[er] life." *Ohio Adult Parole Auth. v. Woodard*, 523 U.S. 272, 288 (1998) (Connor, J., concurring in part and concurring in the judgment); *see id.* at 281 (Rehnquist, J.) (plurality op.) (a death-sentenced prisoner retains a "residual life interest"). But if the Government is permitted to unlawfully execute Mrs. Montgomery in contravention of the plain terms of a federal court order, Mrs. Montgomery's life will be irrevocably cut short. That is the definition of irreparable harm.

Moreover, by setting an unlawfully early execution date, the Government has denied Mrs. Montgomery critical time in which she is entitled to seek legal relief from her death sentence—and to have such relief considered. *See In re Fed. Bureau of Prisons' Execution Protocol Cases (Execution Protocols II)*, No. 20-5361, slip op. at 4-5 (D.C. Cir. Dec. 10, 2020) (Wilkins, J., dissenting) ("So long as [Mrs. Montgomery's] clemency petition[] [has] not been acted upon, there is a chance that [it] could be granted after further consideration."). Absent a stay, Mrs.

Montgomery will also be unlawfully denied the "valu[able]" time afforded to her by law to "prepare, mentally and spiritually, for [her] death." *Ford v. Wainwright*, 477 U.S. 399, 421 (1986) (Powell, J., concurring).

## III. THE REMAINING EQUITABLE FACTORS WEIGH IN FAVOR OF A STAY

While Mrs. Montgomery will suffer irreparable harm absent a stay, the only consequence of a stay will be that the Government will have to reschedule the execution date in conformity with the district court's Judgment. Because "[t]here is generally no public interest in the perpetuation of unlawful agency action," neither the Government nor the public has any interest in carrying out an unlawfully-scheduled execution. *League of Women Voters v. Newby*, 838 F.3d 1, 12 (D.C. Cir. 2016). To the contrary, there is "a substantial public interest in having governmental agencies abide by the federal laws that govern their existence and operations." *Id.* (quotation omitted). And that substantial interest is only heightened in capital cases—"when so much is at stake … the Government should turn square corners.'" *Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 140 S. Ct. 1891, 1909-10 (2020) (quotation omitted).

The Government should not be excused from such obligations, especially where, as here, it has only itself to blame for the exigent circumstances at hand. That this litigation is occurring at all—and now so close to the scheduled execution date—is only because the Government never sought or obtained an order lifting the

district court's stay, unlawfully scheduled Mrs. Montgomery's execution in contravention of the district court's Judgment, and then returned to the district court a mere *three days* before the unlawful execution date with a request that the court effectively amend its Judgment and retroactively bless the Government's noncompliance.

This Court should not truncate its own consideration of the law that will govern the implementation of death sentences, now and forever, to license the Government's unprecedented rush to the execution chamber. The law, the public interest, and Mrs. Montgomery deserve otherwise.

## IV. IF NECESSARY, THIS COURT SHOULD ISSUE AN ADMINISTRATIVE STAY

If the Court requires additional time to consider this motion, Mrs. Montgomery asks that the Court issue a temporary administrative stay pending consideration.

## CONCLUSION

For the foregoing reasons, the Court should grant Mrs. Montgomery's motion for a stay of execution pending appeal.



Appellate Case: 21-1074 Page: 22 Date Filed: 01/11/2021 Entry ID: 4993244

Dated: January 11, 2021


*/s/ Kelley J. Henry*
KELLEY J. HENRY
AMY D. HARWELL
OFFICE OF FEDERAL PUBLIC DEFENDER, MIDDLE DISTRICT OF TENNESSEE
810 BROADWAY, SUITE 200
NASHVILLE, TN 37203
(616) 736-5047

LISA G. NOURI
2526 HOLMES STREET
KANSAS CITY, MO 64108
(816) 875-0448

MEAGHAN VERGOW
O'MELVENY & MYERS LLP
DC BAR NO. 977165
1625 EYE STREET, N.W.
WASHINGTON, DC 20006
(202) 383-5504

ALEC SCHIERENBECK
O'MELVENY & MYERS LLP
NY BAR NO. 5391008
7 TIMES SQUARE
NEW YORK, NY 10036

*Attorneys for Appellant*
*Lisa M. Montgomery*

## CERTIFICATE OF COMPLIANCE

This brief complies with Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 4,494 words. This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6). This brief has been prepared in a proportionally spaced typeface using Microsoft Word in fourteen (14) point Times New Roman font.

Dated: January 11, 2021

*/s/ Kelley J. Henry*
Kelley J. Henry

**CIRCUIT RULE 28A(h) CERTIFICATION**

The undersigned hereby certifies that I have filed electronically, pursuant to Circuit Rule 28A(h), a version of the brief in non-scanned PDF format. I hereby certify that the file has been scanned for viruses and that it is virus-free.

Dated: January 11, 2021

*/s/ Kelley J. Henry*
Kelley J. Henry



Appellate Case: 21-1074 Page: 25 Date Filed: 01/11/2021 Entry ID: 4993244

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on January 11, 2021, an electronic copy of the foregoing was filed with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system.

Dated: January 11, 2021

*/s/ Kelley J. Henry*
Kelley J. Henry

# ADDENDUM

# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

**UNITED STATES OF AMERICA**

**-vs-** **Case No.: 05-06002-01-CR-SJ-GAF**

**LISA M. MONTGOMERY**

**USM Number:**

Frederick J. Duchardt, Jr., CJA
John O. Connor, CJA

## JUDGMENT IN A CRIMINAL CASE

The defendant was found guilty on Count 1s on 10/22/07 of the Superseding Indictment. Accordingly, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 USC 1201(a)(1) | Kidnapping Resulting Death | December 17, 2004 | 1s |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS ORDERED** that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Sentence: April 4, 2008

*/s/ Gary A. Fenner*
GARY A. FENNER
UNITED STATES DISTRICT JUDGE

April 4,2008

## IMPRISONMENT

It is the judgment of the Court that the defendant is sentenced to death on Count 1s.

The time, place and manner of execution are to be determined by the Attorney General, provided that the time shall not be sooner than 60 days nor later than 90 days after the date of this judgment. If an appeal is taken from the conviction or sentence, execution of the judgment shall be stayed pending further order of this Court upon receipt of the Mandate of the Court of Appeal.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

____________________________________________________________

____________________________________________________________

____________________________________________________________

____________________________________________________________

Defendant delivered on ____________________ to ________________________________

at ____________________________________________, with a certified copy of this judgment.

_________________________________
UNITED STATES MARSHAL

By:_________________________________
Deputy U.S. Marshal

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments set forth in the Schedule of Payments.

| Total Assessment | Total Fine | Total Restitution |
| --- | --- | --- |
| **$100.00** | **$** | **$** |

The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on the Schedule of Payments may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

Note: Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

Lump sum payment of **$100.00** due immediately.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 05-06002-01-CR-SJ-GAF** |
| | ) | |
| **LISA M. MONTGOMERY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

Now before the Court is Defendant Lisa M. Montgomery's ("Defendant") Motion to Enforce the Court's Judgment.[1] (Doc. # 448). In likely anticipation of this Motion and in response to a footnote included in an opinion entered on January 8, 2021 in a case initiated by Defendant in the United States District Court for the District of Columbia, the Government filed a "Notice of Supplemental Authority" in the above-captioned case, asserting its position that the stay of execution the Court imposed if Defendant appealed her sentence was lifted when her 2255 motion was denied. (Doc. # 447). The Government is correct; in the Court's view, the stay lifted when it denied her 2255 motion. The Court had no intention to limit execution of the judgment beyond exhaustion of appeals. For this reason and the reasons explained in the Government's Notice, it is

ORDERED that Defendant's Motion is DENIED.

s/ Gary A. Fenner
GARY A. FENNER, JUDGE
UNITED STATES DISTRICT COURT

DATED: January 10, 2021

[1] The Court does not construe Defendant's Motion as one for a stay of execution. If Defendant was seeking a stay in the alternative, such request is also DENIED.