No. 21-1074

# UNITED STATES COURT OF APPEALS
FOR THE
# EIGHTH CIRCUIT

UNITED STATES OF AMERICA,
*Appellee,*

*v.*

LISA M. MONTGOMERY,
*Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI, ST. JOSEPH DIVISION
05-06002-01-CR-SJ-GAF

**REPLY IN SUPPORT OF APPELLANT'S MOTION FOR STAY OF EXECUTION PENDING APPEAL**


KELLEY J. HENRY
AMY D. HARWELL
OFFICE OF FEDERAL PUBLIC DEFENDER,
MIDDLE DISTRICT OF TENNESSEE
810 BROADWAY, SUITE 200
NASHVILLE, TN 37203
(616) 736-5047

LISA G. NOURI
2526 HOLMES STREET
KANSAS CITY, MO 64108
(816) 875-0448

MEAGHAN VERGOW
O'MELVENY & MYERS LLP
DC BAR NO. 977165
1625 EYE STREET, N.W.
WASHINGTON, DC 20006
(202) 383-5504

ALEC SCHIERENBECK
O'MELVENY & MYERS LLP
NY BAR NO. 5391008
7 TIMES SQUARE
NEW YORK, NY 10036

*Attorneys for Appellant*

## INTRODUCTION

**Today, January 12, 2021, at 6:00 PM EST**, the Government contends it may execute Mrs. Montgomery in contravention of the plain terms of the final criminal judgment in this case.[1] In its Opposition, the Government offers no plausible explanation for how its plan accords with plain text the district court's Judgment. The Government's reading requires this Court to conclude that a stay was silently, and automatically, lifted three years ago, clearing the way for the Government to execute Mrs. Montgomery *while she was actively litigating her § 2255 motion on appeal*. And the Government asks this Court to read the Judgment's command that the execution shall occur "not … sooner than 60 days nor later than 90 days after the date of th[e] judgment" out of the Judgment altogether. Indeed, under the Government's view, that express limitation has no effect at all.

Without any colorable argument on the merits, the Government primarily contends that this Court should deny Mrs. Montgomery's motion as an improper "last-minute claim." But it is *the Government* that went to the district court three days before its plan to execute Mrs. Montgomery seeking—for the first time—an order "confirming" that no stay of execution was in place. Dkt. 446, at 3. The

[1] At the time of filing, two other courts have stayed Montgomery's execution, but the Government has sought vacatur of both stays. *See Montgomery v. Warden*, 21-cv-20 (S.D. Ind. Jan. 11, 2021), Dkt. 17; *Montgomery v. Rosen*, 21-5001 (D.C. Cir. Jan. 11, 2011) (en banc).

Government's last-minute recognition that it had never obtained an order lifting a stay, and the district court's implausible, *post hoc* order ratifying the Government's plan, cannot be held against Mrs. Montgomery. Indeed, under a proper reading of the district court's Judgment, Mrs. Montgomery is not seeking a new stay at all—a stay of execution *is presently in effect because it was never lifted*. And while the Government assuredly has a "strong interest in enforcing its criminal judgments," it does not have a strong interest in rewriting them. *Hill v. McDonough*, 547 U.S. 573, 584 (2006). A stay is warranted.

**ARGUMENT**

1. The Government offers no plausible explanation for how its plan to execute Mrs. Montgomery today accords with the plain terms of the district court's Judgment.

The sentencing court's Judgment stated that "[i]f an appeal is taken from the conviction or sentence, execution of the judgment *shall be stayed pending further order* of th[e] [sentencing court] upon receipt of the Mandate of the Court of Appeal," and that the execution "shall not be sooner than 60 days nor later than 90 days after the date of th[e] judgment." ADD-2 (the "Judgment") (emphasis added).

The Government does not dispute that the district court never issued an order purporting to lift the stay in this case. Nevertheless, it contends that a 2017 order in which the district court denied Mrs. Montgomery's § 2255 motion, silently, and



Appellate Case: 21-1074 Page: 3 Date Filed: 01/12/2021 Entry ID: 4993527

automatically, operated to lift that stay because the district court has subsequently—that is, three days ago, at the Government's behest—announced that this was what the district court had meant all along. But even assuming (wrongly) that this Court should defer to the district court's *post hoc* interpretation of its 2017 order, the Government offers no explanation for how its plan to execute Mrs. Montgomery *three years after* the 2017 order accords with the Judgment's command that the execution occur "not … sooner than 60 days nor later than 90 days after the date of th[e] judgment." ADD-2.

Instead, the Government asserts that this Court should simply ignore that time limitation, citing the district court's apparent, private, subjective intention that in specifying a time limit for execution of its Judgment, the district court "had no intention to limit execution of the judgment" outside that time window. Opp. 18 (citing Dkt. 402). But as the Supreme Court has explained, the "subjective intent of the sentence judge … provide[s] a questionable basis for testing the validity of his judgment" and here the terms of the Judgment are pellucid and irreconcilable with the district court's apparent intention. *United States v. Addonizio*, 442 U.S. 178, 187 (1979).

The Government argues that it may violate the time window in the Judgment based on the novel argument that "[n]othing in the judgment purported to prohibit the Government from ever executing the judgment if it did not comply with the



Appellate Case: 21-1074 Page: 4 Date Filed: 01/12/2021 Entry ID: 4993527

initial 90-day deadline." Opp. 18-19. But the Government cites nothing to support its absurd contention that the terms of a final criminal judgment do not have effect unless a court specifies separate consequences that will flow from noncompliance. The import and meaning of a final judgment is clear on its face: its words must be followed. Indeed, the Government's authority to execute Mrs. Montgomery flows entirely from the sentencing court's judgment.[2]

Next, the Government contends that the Court must read the 90-day deadline in view of the "automatic stay imposed by the judgment itself." Opp. 18-19. But that is precisely Mrs. Montgomery's point. The only sensible way to read the deadline in the Judgment is that the 60-90 day window began to run when the Judgment became effective, but was tolled during the pendency of the district court's stay. Once the stay is lifted—which will merely require an order of the sentencing court expressly lifting the stay—the Government will be able to move forward with the execution within 60-90 days. But the stay has not been lifted. Indeed, the bizarre

[2] As Mrs. Montgomery has explained, *Dolan v. United States*, 560 U.S. 605 (2010), is plainly inapposite. *Dolan* involved a statute failing to specify the consequences of noncompliance with a timing provision. 560 U.S. at 611. This case, in contrast, involves a criminal judgment that governs and constrains the Government's implementation of a criminal sentence and provides a simple avenue for the Government to move forward: obtain from the district court an order lifting the stay.

upshot of the Government's argument that the stay lifted in 2017 is that it will never be able to comply with the express terms of the Judgment.

2. In any event, the Government is wrong that the stay lifted in 2017. That is true for at least three reasons. *First*, the Government does not, because it cannot, contend that district court's 2017 order purported to lift the stay. Determining that the 2017 order lifted the stay requires this Court to defer to the district court's *post hoc* order simply asserting that the 2017 order wordlessly lifted the stay. Whatever discretion the district court has to interpret its own orders, here that discretion was abused.

*Second*, that 2017 order *could not have* been the order that lifted the stay. The Judgment states that if "“[i]f an appeal is taken from the conviction or sentence" the stay will only be lifted upon (i) a "further order" (ii) "after receipt of the Mandate of the Court of Appeal." ADD-2. But the district court's order denying Mrs. Montgomery's § 2255 motion necessarily *preceded* receipt of this Court's mandate on Mrs. Montgomery's § 2255 motion. Although the district court denied Mrs. Montgomery's § 2255 motion on March 3, 2017, *see* Order, *Montgomery v. United States*, 12-cv-08001-GAF, Dkt. 212, Mrs. Montgomery's § 2255 appeal did not become final until the Supreme Court denied rehearing on August 3, 2020, *see Montgomery v. United States*, 141 S. Ct. 199 (2020). The Government appears to argue that the only relevant mandate was the one concerning Mrs. Montgomery's

direct appeal. Opp. at 14. But Mrs. Montgomery's § 2255 motion was plainly an attack on her "sentence" within the meaning of the Judgment; after all, the entire purpose of § 2255 is to challenge a "sentence [as] imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255.

*Third*, on the Government's reading, the Court's Judgment would have allowed the Government to execute Mrs. Montgomery *while she was actively litigating her § 2255 motion on appeal*. Indeed, on this implausible view, the Judgment arguably *required* the Government to execute Mrs. Montgomery while her appeal was pending, as the Judgment stated that the Government "shall" not execute Mrs. Montgomery "later than 90 days after the date of th[e] judgment." ADD-2. The Government admits (at 17), as it must, that federal law plainly prohibits the execution of a federal prisoner while a first collateral attack on the sentence remains pending. But if that is true, then the district court's order denying Mrs. Montgomery's § 2255 could not have started the 60-90 day clock for execution of the sentence. Rather, that 60-90 day window was stayed, by effect of the Court's Judgment, through exhaustion of Mrs. Montgomery's direct and collateral appeals. And all that is required for that stay to be lifted, is an order by the district court that the Government never sought nor obtained.

3. The Government's primary argument for denying Mrs. Montgomery's motion is that Mrs. Montgomery has delayed in bringing this motion. That

argument fails for at least three reasons. *First*, all of the Government's cited case law about the impropriety of last-minute stays (at 6-7) are inapposite here, because the only plausible reading of the Court's Judgment is that a stay of execution is *already in effect*. While Mrs. Montgomery seeks a stay of execution from this Court, she asks the Court only to recognize what is already true by operation of the district court's Judgment.

*Second*, here, it is the Government that is responsible for the last-minute nature of this appeal. After all, it is the Government that, having failed (likely forgotten) to have previously obtained an order lifting the stay, ran to the sentencing court *three days before the planned execution* to obtain an order "confirming" that it may nevertheless go forward with its plans. Dkt. 446, at 3. Had the Government simply obtained an order lifting the stay in the appropriate course, this appeal would be entirely unnecessary.

*Third*, the Government's suggestion (at 6) that Mrs. Montgomery's motion should have been brought "years" ago, is absurd. Obviously Mrs. Montgomery could not have objected to the Government's plan to execute her until the Government scheduled an execution. And more importantly, the flaw in the Government's plan to execute Mrs. Montgomery is of the Government's own making. Mrs. Montgomery did not have a responsibility to seek an order from the sentencing court lifting the sentencing court's stay so that the Government could



Appellate Case: 21-1074 Page: 8 Date Filed: 01/12/2021 Entry ID: 4993527

move to execute her. Indeed, the Government clearly understood that the onus is on it to clear the obvious impediment to its plan to execute Mrs. Montgomery, which is why the Government went to the district court asking for an order clearing its path a mere three days ago.

4. Finally, the Government cannot rely on its "strong interest in enforcing its criminal judgments," to just denial of Mrs. Montgomery's motion. *Hill*, 547 U.S. at 584 (2006). Here, the Government is not seeking to enforce a criminal judgment, but to *ignore* that judgment. While the Government certainly has an interest in timely punishment, that punishment must occur in accordance with the law.

**CONCLUSION**

For the foregoing reasons, the Court should grant Mrs. Montgomery's motion for a stay of execution pending appeal.



Appellate Case: 21-1074 Page: 9 Date Filed: 01/12/2021 Entry ID: 4993527

Dated: January 12, 2021

*/s/ Kelley J. Henry*
KELLEY J. HENRY
AMY D. HARWELL
OFFICE OF FEDERAL PUBLIC DEFENDER, MIDDLE DISTRICT OF TENNESSEE
810 BROADWAY, SUITE 200
NASHVILLE, TN 37203
(616) 736-5047

LISA G. NOURI
2526 HOLMES STREET
KANSAS CITY, MO 64108
(816) 875-0448

MEAGHAN VERGOW
O'MELVENY & MYERS LLP
DC BAR NO. 977165
1625 EYE STREET, N.W.
WASHINGTON, DC 20006
(202) 383-5504

ALEC SCHIERENBECK
O'MELVENY & MYERS LLP
NY BAR NO. 5391008
7 TIMES SQUARE
NEW YORK, NY 10036

*Attorneys for Appellant*
*Lisa M. Montgomery*

## CERTIFICATE OF COMPLIANCE

This brief complies with Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 4,494 words. This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6). This brief has been prepared in a proportionally spaced typeface using Microsoft Word in fourteen (14) point Times New Roman font.

Dated: January 12, 2021

*/s/ Kelley J. Henry*
Kelley J. Henry

**CIRCUIT RULE 28A(h) CERTIFICATION**

The undersigned hereby certifies that I have filed electronically, pursuant to Circuit Rule 28A(h), a version of the brief in non-scanned PDF format. I hereby certify that the file has been scanned for viruses and that it is virus-free.

Dated: January 12, 2021

*/s/ Kelley J. Henry*
Kelley J. Henry

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on January 11, 2021, an electronic copy of the foregoing was filed with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system.

Dated: January 12, 2021

*/s/ Kelley J. Henry*
Kelley J. Henry



Appellate Case: 21-1074 Page: 13 Date Filed: 01/12/2021 Entry ID: 4993527